UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 9:19-CV-80490-Rosenberg/Reinhart

CLAUDIO SORRENTINO,

    Plaintiff,

v.

FCA US LLC, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION TO REMAND (DE 14)

This matter is before the Court on the Plaintiff's Motion to Remand this action to state court pursuant to 28 U.S.C. § 1447(c). (DE 14). The District Court referred this matter to the undersigned for a Report and Recommendation. (DE 35). The undersigned has reviewed the Motion (DE 14), Defendants' Response (DE 20), and Plaintiff's Reply (DE 25). For the reasons stated below, this Court recommends that Plaintiff's Motion to Remand be denied.

## BACKGROUND

On or about August 2, 2010, Plaintiff purchased a 2010 Jeep Wrangler with Mopar-branded accessories (a lift kit and extra-large tires) from Delray Jeep Dealership. (DE 1-2 at ¶ 6).[1] Plaintiff also purchased a Lifetime Maximum Care Service Contract for the vehicle. *Id.*[2] On or about August 18, 2017, Plaintiff received notice that the service contract had been cancelled because the Mopar-

---

[1] According to the Complaint, Defendant Schumacher Auto Group, Inc. ("Schumacher") owns the automobile dealership formerly known as Delray Jeep. DE 1-2 at ¶ 5. Defendant FCA US LLC ("FCA") is the manufacturer of the Plaintiff's vehicle and the Mopar-branded accessories he purchased. *Id.* at ¶ 4.

[2] The Complaint states that FCA is the warrantor under the service contract. DE 1-2 at ¶ 4.

branded accessories originally purchased with the vehicle rendered the vehicle ineligible for the service contract. (DE 1-2 at ¶ 8). Plaintiff alleges that Defendants' act of selling him a vehicle with Mopar-branded accessories along with a service contract, and then subsequently cancelling the contract based on the alleged ineligibility of the accessories Defendant sold, constitutes a violation of the Magnuson-Moss Warranty Act ("MMWA") (15 U.S.C. § 2310(d)). Plaintiff filed his Complaint in Florida state court and sought to initiate a class action. Defendants removed the action to federal court based on diversity jurisdiction as set forth in 28 U.S.C. § 1332(d)(2), commonly known as the Class Action Fairness Act ("CAFA"). (DE 1 at 1).

## DISCUSSION

The MMWA was enacted in 1975 to protect consumers from deceptive warranty practices and to provide consumers with a civil cause of action when a seller fails to comply with the provisions of the act. *See Skelton v. Gen. Motors Corp.*, 660 F.2d 311, 313-14 (7th Cir. 1981). The MMWA contains jurisdictional provisions which limit the kinds of class actions that may be brought in a federal forum. Specifically, § 2310(d)(1)(B) of the MMWA limits federal court jurisdiction to class actions naming at least one hundred plaintiffs.

Plaintiff seeks to remand this action claiming that the district court lacks jurisdiction over his case. He argues that the MMWA's "independent jurisdictional provision" bars a district court from hearing the case unless the class action in question exceeds one hundred named plaintiffs. DE 14 at 2; *See also* 15 U.S.C. §§ 2310(d)(1)(B), 2310(d)(3). Therefore, because his class action only has one named plaintiff (himself), Plaintiff contends that the district court lacks subject matter jurisdiction over his case and removal was improper. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (removal is improper if the district court could not have had jurisdiction

over the case in the first place). According to Plaintiff, the jurisdictional provisions of the MMWA supersede those of the Class Action Fairness Act ("CAFA").

Defendants counter that the jurisdictional provisions of the MMWA are superseded by the CAFA, which states in relevant part,

> (2) The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—
>
> > (A) any member of a class of plaintiffs is a citizen of a State different from any defendant . . .

28 U.S.C. § 1332(d)(2)(A).

Several courts have evaluated the interplay between the MMWA's jurisdictional provisions and the CAFA. *See Borchardt v. Mako Marine Int'l, LLC*, No. 08-61199-CIV, 2010 WL 11504788, at *1 (S.D. Fla. Oct. 6, 2010) (J. Marra) (citing *Chavis v. Fidelity Warranty Servs., Inc.*, 415 F. Supp. 2d (D.S.C. 2006); *see also Kuns v. Ford Motor Co.*, 543 F. App'x. 572, 574 (6th Cir. 2013).

In *Borchardt*, plaintiffs sought to amend their complaint to include a new count under the MMWA. Defendants opposed the amendment, arguing that because plaintiffs' case failed to pass the statute's jurisdictional bars, the district court would lack subject matter jurisdiction over the claim. The court concluded that although it did not have subject matter jurisdiction based on that statute (i.e. federal question jurisdiction), "an independent basis for federal jurisdiction" still existed: the CAFA. *Borchardt*, 2010 WL 11504788, at *1.

> CAFA was passed with the clear intention of expanding 'federal court jurisdiction over class actions....' S. Rep. No. 109-14 at 42 (2005), 2005 U.S.C.C.A.N. 3, 40. Under the established framework for statutory interpretation, it is to be assumed that Congress was aware of [MMWA's] strict provisions for maintaining a class-action in federal court. Congress was also presumed to be aware of section 2310(d)(1)(A) of [MMWA] and its recognition that jurisdiction is appropriate under [MMWA] 'in any court of competent jurisdiction in any State or the District of Columbia.' Accordingly, CAFA's grant of federal jurisdiction ... necessarily includes qualifying class actions filed pursuant to [MMWA] that fail to meet the

3

>strict provisions of 15 U.S.C. § 2310(1)(B). CAFA provides an alternate basis by which federal courts may become courts of 'competent jurisdiction' under 15 U.S.C. § 2310(d)(1)(A).

*Borchardt*, 2010 WL 11504788, at *1 (quoting *Chavis*, 415 F. Supp. 2d at 626).

In *Kuns,* the Sixth Circuit arrived at a similar conclusion. There, the plaintiff filed a complaint in district court alleging a violation of the MMWA. On appeal, the Sixth Circuit considered the court's subject matter jurisdiction because plaintiff failed to meet the MMWA's jurisdictional requirements. Noting that other courts have found the CAFA provides an alternative basis for subject matter jurisdiction in MMWA litigation, the Sixth Circuit agreed with the weight of authority. Citing Senate Reports that describe the CAFA as an "expansion of federal diversity jurisdiction to ensure that class actions that are truly interstate in character can be heard in federal court," the Court concluded that it had subject matter jurisdiction notwithstanding the MMWA's jurisdictional provisions because the CAFA effectively superseded it. *Kuns*, 543 F. App'x. at 574 (citing S. Rep. No. 109-14, at 27 (2005)).

Plaintiff in the instant case offers little support for his argument that MMWA's jurisdictional provisions supersede the CAFA and fails to adequately address contravening case law. His reliance on *Ebin v. Kangadis Food Inc.*, No. 13-2311-CIV, 2013 WL 3936193 (S.D.N.Y. July 26, 2013) is unavailing. In *Ebin*, the court, without analysis, rejected plaintiff's argument that the court could exercise jurisdiction under the CAFA when the MMWA's jurisdictional requirements are not met because, "[that position] is flatly contradicted by the plain text of the MMWA." *Id.* at *1. Two years later, however, another court in that district expressly rejected *Ebin,* holding that "the weight of authority" allowed the CAFA to serve as an alternative basis for

jurisdiction when the MMWA's requirements were not met. *Weisblum v. Prophase Labs, Inc.*, 88 F. Supp. 3d 283, 293 (S.D.N.Y 2015).

## REPORT AND RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff's Motion to Remand (DE 14) be **DENIED**.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Robin L. Rosenberg, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**IF A PARTY DOES NOT INTEND TO OBJECT TO THIS REPORT AND RECOMMENDATION, THEY SHALL FILE A NOTICE TO THAT EFFECT WITHIN FIVE (5) DAYS.**

**DONE AND SUBMITTED** in Chambers this 26th day of July, 2019, at West Palm Beach in the Southern District of Florida.

_____
BRUCE REINHART
UNITED STATES MAGISTRATE JUDGE