UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:19-cv-80490-RLR

CLAUDIO SORRENTINO,
*individually and on bhelaf of all others
similarly situated*,

    Plaintiff,

v.

FCA, US LLC, *a Delaware limited liability
Company*, and SCHUMACKER AUTO GROUP,
INC., *a Florida corporation*,

    Defendants.

_____/

**OMNIBUS ORDER ON MOTIONS TO DISMISS
[DEs 12, 33], MOTION TO AMEND THE COMPLAINT [DE 49],
MOTION TO WITHDRAW AS PLAINTIFF'S COUNSEL [DE 51]**

This matter is before the Court on Defendants' Motions to Dismiss, DE 11 and DE 33, and Plaintiff's "Motion to Drop Schumacher Auto Group Inc as a Defendant and Add Schumacher Automotive Delray LLC as a Party Defendant, or in the Alternative, Amend the Complaint" (the "Motion to Amend"), DE 49. The first Motion to Dismiss was filed by Defendant FCA US LLC on April 30, 2019 (hereinafter, "FCA's Motion"). FCA Mot., DE 11; FCA Mem., DE 12. It is ripe for review. *See* Pl. Resp., DE 27; Def. Reply, DE 30. The second Motion to Dismiss was filed by Defendant Schumacher Auto Group Inc. (the "Dealership") on June 6, 2019 (hereinafter, "the Dealership's Motion"). Dealership Mot., DE 33. This motion is ripe for review without a reply. *See* Pl. Resp., DE 48. Plaintiff then filed its Motion to Amend on July 10, 2019. Mot. to Am., DE 49. The Court notes that the Motion to Amend did not entirely render the Motions to Dismiss moot,

1

as the Motion to Amend seeks only to substitute one of the Defendants for another entity and does not address the other substantive arguments of the two Motions to Dismiss.

**I.     BACKGROUND**

Plaintiff filed his Complaint in state court on March 14, 2019, alleging four counts for violations of the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2306, 2310. Compl., DE 1-2. Defendant FCA US removed the action to this Court on April 9, 2019. Notice, DE 1.

Plaintiff's Complaint alleges that the Defendant Dealership sold him a "2010 Jeep Wrangler together with Mopar-branded accessories (a lift kit and extra-large tires) and a Lifetime Maximum Care service contract (the "Service Contract")" on approximately August 2, 2010. Compl., DE 1-2, ¶ 6. The Service Contract was cancelled seven years later, when FCA US discovered Plaintiff had altered his vehicle with the Mopar-branded accessories. *Id.* ¶ 8. In Counts I (against FCA US) and III (against the Dealership), Plaintiff claims these actions violate Section 2306 of the MMWA because the Service Contract did not "fully, clearly, and conspicuously disclose the terms" of the Contract. *See id.* ¶¶ 23-26, 31-34. In Counts II (against FCA US) and IV (against the Dealership), Plaintiff claims these actions violate Section 2310(d) of the MMWA because the Defendants "acted in clear bad faith by unilaterally rescinding the Service Contract." *See id.* ¶¶ 27-30, 35-38.

**II.    THE MOTIONS TO DISMISS**

A. Motion to Dismiss Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). *See* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled

to relief"). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (alteration added) (quoting *Twombly*, 550 U.S. at 555). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *Twombly*, 550 U.S. at 555 (citation omitted), and must provide sufficient facts to "give the defendant fair notice of what the … claim is and the grounds upon which it rests," *id.* Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556).

At the motion to dismiss stage, the "plaintiff's factual allegations are accepted as true. . . . However, conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). Furthermore, under Florida law, "[i]f [a] contract covers plaintiff's claims in clear and unambiguous language, then plaintiff's ability to state a claim upon which relief may be granted, thus surviving this motion to dismiss, depends on the specific terms of the contract, which the court analyzes as a matter of law." *Sarria Holdings, Inc. v. Walgreen Co.*, No. 02-23169-CIV, 2003 WL 1528711, at *2 (S.D. Fla. Jan. 31, 2003).

B. Discussion

"The MMWA creates two causes of action: (1) a federal right of action for breach of an express or implied warranty, and (2) a right of action for violations of the Act's requirements, such as not disclosing terms and conditions or improperly disclaiming implied warranties. 15 U.S.C. §

3

2310(d)(1)." *Kuns v. Ford Motor Co.*, 926 F. Supp. 2d 976, 983 (N.D. Ohio), aff'd, 543 F. App'x 572 (6th Cir. 2013). Here, Plaintiff alleges both causes of action against both Defendants. The Court first turns to Plaintiff's allegations in Counts I and III, regarding the Defendants' alleged failure to fully disclose the terms of the Service Contract as required by Section 2306.

  1. *Counts I and III (15 U.S.C. § 2306)*

The MMWA requires that service contracts "fully, clearly, and conspicuously disclose[] [the] terms and conditions in simple and readily understood language." 15 U.S.C. § 2306. The Court agrees with the Defendants that the terms and conditions of the Service Contract here were fully, clearly, and conspicuously disclosed through the written Service Contract.[1] Under the Section entitled "**IMPORTANT!**" (bolding, capitalization, and underlining in original), the Contract discloses that "the following vehicles are **not** eligible for a Chrysler Service Contract…vehicles altered or converted from the original manufacturer's specifications." DE 1-2, 17 (bolding and underlining in original). The Contract also discloses that "**No Dealer, Dealer employee or Chrysler Service Contracts Florida, Inc. employee has the authority to modify or change any provision of this plan.**" *Id.* at 20 (bolding in original). Finally, under a section entitled **CANCELLATION POLICY** (bolding and capitalization in original), the buyer is informed that "We [defined as "Chrysler Service Contracts Florida, Inc."] reserve the right to cancel the Plan after issuance should it be discovered that: (a) the vehicle is ineligible or has been modified/altered to make it ineligible after Plan coverage has been in effect; (b) failure of the customer to maintain the vehicle as prescribed by the manufacturer…" *Id.* at 22. The fact that Plaintiff was also sold Mopar-branded accessories at the time he purchased the Service Contract

---

[1] "When considering a motion to dismiss, the court may consider the complaint and all exhibits attached thereto." *Rance v. Rocksolid Granit USA, Inc.*, 292 F. App'x 1, 2 (11th Cir. 2008) (citing *Thaeter v. Palm Beach County Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir.2006)). Here, Plaintiff has attached the Service Contract to his Complaint. *See* DE 1.

does not change the conclusion that the Contract was clear, and the terms were fully disclosed within it.

Plaintiff argues that "nowhere does the definition of ineligible vehicles indicate or even suggested that installing Mopar parts from FCA itself" will render the vehicle ineligible. *See* Resp., DE 27, 10. Plaintiff then directs the Court to language in the Contract that indicates that the installation of *some* Mopar accessories will *not* render a vehicle ineligible. *See id.* The language the Plaintiff refers to is as follows:

> **MOPAR ACCESSORIES**: The following Mopar accessories are covered provided they were installed by an authorized Dealer: Audio Systems (including Sirius Satellite Radio, Compact Disc and Cassette Players); Speed Control; EVS (Security Systems); Clocks, Remote Trunk Release; Power Sliding Rear Window Assembly (trucks); Transmission Oil Cooler; Rear Seat Video Entertainment Systems.

Contract, DE 1-2, 19. As Defendant FCA points out, this provision supports the reverse of Plaintiff's position. The inclusion of these Mopar accessories as "covered" indicates that other Mopar accessories, like Plaintiff's lift kit and large tires, would make the vehicle *in*eligible, pursuant to the canon of construction *expressio unius est exclusion alterius* (the inclusion of one thing implies the exclusion of others). *Cf. United States v. First National Bank of Crestview*, 513 So. 2d 179, 181 (Fla. Dist. Ct. App. 1987) ("The maxim 'expressio unius est exclusio alterius' applies to contracts as well as statutes; hence, the enumeration of certain classes of activities which the contract permits is ordinarily construed as excluding from its operation all of those not expressly mentioned.") (citations omitted).

Accordingly, the Court concludes that the Contract "fully, clearly, and conspicuously" disclosed its terms. Based on the plain language of the Contract, it was clear and easily understood that any modification of the vehicle would provide the Defendants with a right to cancel the

5

contract. As a result, Plaintiff's claims for violation of the MMWA Section 2306 fail as a matter of law and are dismissed with prejudice.

    *2. Counts II and IV (15 U.S.C. § 2310(d))*

In Counts II and IV of the Complaint, Plaintiff alleges violations of Section 2310(d), which provides a cause of action to "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a …service contract."

Plaintiff's Complaint states that the Defendants have "violated its obligations under the Service Contract with Plaintiff and acted in clear bad faith by unilaterally rescinding the Service Contract based on Plaintiff's purchase/installation of Mopar-branded accessories from FCA at the time Plaintiff bought the vehicle." Compl., DE 1-2, ¶¶ 29, 37.

Claims under the MMWA Section 2310 require a valid state law cause of action. *Cf. Melton v. Century Arms, Inc.*, 243 F. Supp. 3d 1290, 1304 (S.D. Fla. 2017) ("The Magnuson–Moss Warranty Act gives consumers a private right of action against warrantors for a breach of warranty, as defined by state law. However, a Magnuson–Moss Warranty Act claim only exists if a valid breach of warranty claim is also stated.") (citations omitted); *see also Bailey v. Monaco Coach Corp.*, 168 F. App'x 893, 894 n.1 (11th Cir. 2006).

Here, to the extent Plaintiff's Counts II and IV seek to allege MMWA claims based on an alleged breach of the covenant of good faith and fair dealing, Plaintiff's claims fail under Florida state law.

> Florida contract law does recognize an implied covenant of good faith and fair dealing in every contract. This covenant is intended to protect "the reasonable expectations of the contracting parties in light of their express agreement." However, there are two limitations on such claims: (1) where application of the covenant would contravene the express terms of the agreement; and (2) where there is no accompanying action for breach of an express term of the agreement. A duty

> of good faith must "relate to the performance of an express term of the contract and is not an abstract and independent term of a contract which may be asserted as a source of breach when all other terms have been performed pursuant to the contract requirements."

*QBE Ins. Corp. v. Chalfonte Condo. Apartment Ass'n, Inc.*, 94 So. 3d 541, 548 (Fla. 2012) (internal citations omitted). Here, Plaintiff has not made an accompanying claim for breach of an express term of the Service Contract. And, to the extent that Plaintiff claims that the cancellation of the Service Contract violated the covenant of good faith and fair dealing, that claim contravenes the express terms of the contract, which permit cancellation in the event that the buyer modifies the vehicle. Accordingly, because Plaintiff does not state a cognizable claim for breach of the covenant of good faith and fair dealing, he has not stated a claim under the MMWA either. *Cf. Melton v. Century Arms, Inc.*, 243 F. Supp. 3d at 1304 ("Because Plaintiffs do not state a cognizable claim for breach of implied warranty, they also have no claim under the Magnuson–Moss Warranty Act.").

In the alternative, to the extent Plaintiff's Counts II and IV are based on an allegation that the installation of Mopar-branded accessories does not render the vehicle ineligible, that allegation is inadequately pled and requires repleading.

Accordingly, Counts II and IV of the Complaint are dismissed without prejudice, to the extent Plaintiff may replead the facts of his Complaint consistent with this Order.

### III. THE MOTION TO AMEND

Separately, Plaintiff has moved to substitute Schumacher Automotive Delray, LLC for Schumacher Auto Group, Inc., as the Dealership Defendant in this action. Mot. to Am., DE 49. The Court **GRANTS** Plaintiff's request, which also moots Section II-A of the Dealership's Motion to Dismiss, DE 33-1, 3.

**IV.   THE MOTION TO WITHDRAW**

Finally, Plaintiff's counsel has filed a Motion to Withdraw. Mot., DE 51. The Court **GRANTS** the Motion and will provide time for Plaintiff to obtain new counsel and to file an amended complaint.

**V.   CONCLUSIONS**

For all of the foregoing reasons, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. FCA's Motion to Dismiss [DE 11] is **GRANTED** insofar as Court dismisses the Complaint.

2. The Dealership's Motion to Dismiss [DE 33] is **GRANTED** insofar as the Court dismisses the Complaint.

3. Plaintiff's Complaint [DE 1] is **DISMISSED** as follows:

    a. Counts I and III are **DISMISSED** with prejudice.

    b. Counts II and IV are **DISMISSED** without prejudice, with leave to amend.

4. Plaintiff's Motion to Amend [DE 49] is **GRANTED** insofar as the Court will allow Plaintiff to amend his Complaint as requested. Any amended complaint must not only substitute parties as requested by Plaintiff, but must also amend the Complaint in a manner consistent with this Order.

5. Plaintiff's Counsel's Motion to Withdraw [DE 51] is **GRANTED**.

    a. Attorneys Jared H. Beck, Elizabeth Lee Beck, and Victor Arca are hereby **WITHDRAWN** from this case.

    b. Plaintiff is **ORDERED** to obtain new counsel by **August 8, 2019**. If no attorney makes an appearance in the record on Plaintiff's behalf by that date, Plaintiff will be deemed to be proceeding *pro se*.

    c. Plaintiff's address is as follows:
        Claudio Sorrentino
        765 NW 5th Ave.
        Boca Raton, FL 33432

    d. The Clerk of the Court is directed to mail a copy of this Order to Plaintiff at the above address.

6. Regardless of whether Plaintiff is represented by counsel or is proceeding *pro se*, Plaintiff is **ORDERED** to file his amended complaint by no later than **August 23, 2019**. Failure to timely file an amended complaint will result in the Court closing this case without further notice to Plaintiff.

7. In light of Plaintiff's counsel's withdrawal, the Court will also **CONTINUE** the deadline for the parties to file objections to the Magistrate's Report and Recommendations, DE 52. The Court will consider objections filed prior to **August 28, 2019** to be timely filed.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 29th day of July, 2019.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record